Lillian M. Cronin, Esq. Village Attorney, Lake Grove
You have asked whether a village, without consideration, may return land to persons who previously donated the parcel to the village.
You have explained that in 1977 two village residents dedicated to the village a parcel of land which the village intended to use for highway purposes. There were no conditions in the grant that the land be used for street purposes only; rather, the conveyance was a general one. The grantors received no consideration. You also indicate that the village no longer has any intention or need to build the road for which the land was donated.
Villages have power to purchase and sell real property as required for village purposes (Village Law, § 1-102 [1]). There are no statutory guidelines for the sale of village real property. If no provision is made by statute as to the procedure for disposing of municipal property and the conditions of the conveyance, such matters are within the reasonable discretion of the appropriate municipal authorities (McQuillin, Municipal Corporations, 3rd Edition, Vol 10, § 28.44). We believe that the village board may determine the method of sale, and in its discretion sell real property at public auction or through private negotiated sale (1965 Op Atty Gen [Inf] 74). The village board may impose any notice requirements upon the sale which it considers appropriate. Of course, any sale of real property must be authorized by the board of trustees at a properly noticed public meeting (Public Officers Law, §§ 98, 99).
The public interest must be served by the method of sale. In some cases, the public interest may be best served by obtaining the highest possible price through sale of the property at public auction (1981 Op Atty Gen [Inf] 149). In other instances, there may be other considerations in the public interest which should be weighed by the governing body in determining the method of sale (ibid.). The public interest must, however, be served by the method of sale that is utilized. Without such a finding, the sale might violate provisions of the Constitution prohibiting a gift of public funds to a private party (NY Const, ArtVIII, § 1).
While in the normal course, conveyance of land for nominal or no consideration would violate Article VIII, § 1 of the Constitution, there may be equitable considerations that would allow the return of a parcel, not needed by the village, to the original donors for no consideration. We conclude that a village, without consideration, may return a parcel of land to persons who had donated the land to the village provided that the transaction is determined to be in the public interest. Under the facts presented, it appears that the village board reasonably can find that the public interest would be served by the transaction.